ESTATE OF ELLEN M. WIEN, DECEASED, JOSEPH CUBA AND CLAIRE W. MORSE, COEXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

ESTATE OF SIDNEY A. WIEN, DECEASED, JOSEPH CUBA AND CLAIRE W. MORSE, COEXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5364–66, 5365–66. Filed November 25, 1968.

*David J. Harris* and *Karl W. Windhorst*, for the petitioners.
*Charles B. Sklar*, for the respondent.

OPINION

DAWSON, *Judge:* In these consolidated cases respondent determined the following deficiencies in Federal estate taxes:

| Petitioner | Docket No. | Deficiency |
|---|---|---|
| Estate of Ellen M. Wien | 5364–66 | $55, 089. 01 |
| Estate of Sidney A. Wien | 5365–66 | 74, 093. 25 |

Petitioners claim overpayments in their estate taxes as follows:

| Petitioner | Amount |
|---|---|
| Estate of Ellen M. Wien | $32, 800 |
| Estate of Sidney A. Wien | 7, 600 |

The only issue remaining in these cases involves a determination of the value, if any, includable in the gross estates of a husband and wife who died simultaneously, each holding the ownership rights in life insurance policies on the life of the other. Concessions by each party with respect to other issues raised in the pleadings will be given effect in the Rule 50 computations.

All of the facts have been stipulated by the parties. The stipulation of facts, the supplemental stipulation of facts, and the exhibits attached to each stipulation are incorporated herein by this reference and are adopted as our findings of fact. A summary of the pertinent facts is set out below.

Joseph Cuba and Claire W. Morse, coexecutors of each estate, were residents of Atlanta, Ga., and West Newton, Mass., respectively, at the time the petitions were filed in these proceedings.

Estate tax returns for the Estate of Ellen M. Wien and for the Estate of Sidney A. Wien were filed with the district director of internal revenue at Atlanta, Ga.

Sidney A. Wien (herein referred to as Sidney) and Ellen M. Wien (herein referred to as Ellen) were husband and wife with two children, Claire W. Morse (nee Wien) and Joan Wien, who was unmarried and without children. Sidney, Ellen, and Joan were killed on June 3, 1962, in a crash of a commercial jet airplane at Orly Field, Paris, France. There is no evidence of the exact moment of their deaths.

At her death, Ellen possessed complete ownership rights in 15 insurance policies on Sidney's life, most of which had been assigned to her by Sidney. In each policy Ellen, if living, was named primary beneficiary, and their daughters, if living, or if deceased the daughters' surviving children, were named secondary beneficiaries. At the time of his death, Sidney possessed the entire ownership rights in seven insurance policies on Ellen's life. In each policy Sidney, if living, was named

primary beneficiary and, as in the policies owned by Ellen, their daughters were named secondary beneficiaries.

The proceeds of all the policies were paid to Claire W. Morse as the sole surviving secondary beneficiary.

The total face amount of the 15 policies owned by Ellen was $150,000 and of the seven policies owned by Sidney was $100,000. Their total interpolated terminal reserve values at the time of Ellen's and Sidney's deaths were $84,526.60 and $19,569.60, respectively. The policies were valued at $96,071.55 and $21,853.57 in the respective estate tax returns. Based upon the proceeds, post mortem dividends, and other payments received by Claire W. Morse, respondent in the statutory notices of deficiencies valued the 15 policies included in the Estate of Ellen M. Wien at $253,678.63 and the seven policies included in the Estate of Sidney A. Wien at $182,256.05.

The position of the petitioners may be summarized as follows: (1) A determination of property rights for the purposes of section 2033, I.R.C. 1954,[1] must be made under applicable State law; (2) Georgia law[2] provides that where the insured and the beneficiary of a life insurance policy die under circumstances where the evidence is insufficient to show they died otherwise than simultaneously, the proceeds of the policy are distributed as if the insured had survived the beneficiary; (3) each of the life insurance policies in issue provided that all policy rights except the right to proceeds terminated at the death of the insured; (4) therefore, since all property interests of each of the decedents terminated upon the simultaneous death of the other and the proceeds were not transmitted at death as part of their probate estates, no amount is includable under section 2033 in either estate.

Respondent's position is that "at the time of death in a common disaster each decedent had property interests, rights and powers in insurance policies owned on the life of his spouse, which were includable in their respective gross estates at values equal to the amounts payable under the policies."

Under substantially identical facts, this Court recently held in the *Estate of Roger M. Chown*, 51 T.C. 140 (1968), that the absolute and unrestricted owner of life insurance policies on the life of another possesses at the instant of his simultaneous death with the insured, property rights which are includable in his "gross estate" at a value equal to the entire proceeds payable under the terms of the policies. The taxable transfer consists of the termination by death of

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

SEC. 2033. PROPERTY IN WHICH THE DECEDENT HAD AN INTEREST.

The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of the interest therein of the decedent at the time of his death.

[2] Ga. Code Ann. sec. 56–2426 (1960).

the absolute power of disposition of the policy benefits upon any contingency including that of the simultaneous death of the owner and the insured, at which time the right to the proceeds accrues. *Chase Nat. Bank* v. *United States*, 278 U.S. 327 (1929). For purposes of valuation of such property interest as of the time of the holder's death, it is immaterial that under State law the actual proceeds do not pass through his probate estate.

Accordingly, on the basis of our carefully considered and reviewed opinion in *Estate of Roger M. Chown, supra,* we sustain the respondent on the disputed issue. But in order to give effect to concessions made by each party,

*Decisions will be entered under Rule 50.*

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise noted.